

F I L E D

2 7 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BRUCE A. MILLER,

                                     Plaintiff,

       v.

UNITED STATES OF AMERICA,

                                    Defendant,

       v.

BRENDA S. HORNE,

                   Third-Party Defendant.

Civil Action No. 3:13–CV–728

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion for Summary Judgment (ECF No. 29) ("Motion") by the United States against Brenda S. Horne ("Horne"). For the reasons below, the Court will GRANT the Motion.

### I.     BACKGROUND[1]

Moore, Miller & Weathingon & Associates, Incorporated ("Company"), was a family medical practice with offices in Hopewell and Colonial Heights, Virginia. The Company failed to pay over to the Internal Revenue Service ("Service") taxes that were supposed to be withheld from the Company's employees' wages from 2006 to 2010, resulting in millions of dollars of delinquent tax liabilities.

From approximately 1990 until she was fired in the fourth quarter of 2010, Horne served as the Company's Office Manager. (*Id.* ¶ 2.) The President of the Company delegated to Horne the following duties: billing customers for services rendered; collecting accounts receivable; writing checks to creditors; making bank deposits; and preparing, signing, and filing the

---

[1] These facts are undisputed by Horne.

Company's payroll tax returns. (*Id.* ¶ 3.) Horne also participated in the day-to-day management of the Company, including making decisions about employee compensation, maintaining the Company's books and records, and preparing financial information to be presented at shareholder meetings. (*Id.* ¶¶ 5-7.) Furthermore, Horne participated in personnel decisions, including decisions regarding employee hiring, discipline, and firing. (*Id.* ¶ 4.)

From 2006 to 2010, Horne was aware that the Company was not paying its employment tax obligations, but she continued to prepare and sign checks to pay creditors in preference over the United States. (*Id.* ¶¶ 8-11.) As a result of Horne's failure to ensure that the Company paid its taxes, approximately $2.8 million in federal employment taxes remain unpaid and were assessed against Horne personally as trust fund recovery penalties ("TFRPs"). (*Id.* ¶¶ 12-13.) On April 9, 2012, the Service assessed TFRPs against Horne in the following amounts: March 31, 2006 $ 124,654; June 30, 2006 $ 164,358; September 30, 2006 $ 135,679; December 31, 2006 $ 143,564; March 31, 2007 $ 169,725; September 30, 2007 $ 73,069; December 31, 2007 $ 91,165; March 31, 2008 $ 111,335; June 30, 2008 $ 189,068; September 30, 2008 $ 155,543; December 31, 2008 $ 157,881; March 31, 2009 $ 196,769; June 30, 2009 $ 190,077; September 30, 2009 $ 171,118; December 31, 2009 $ 153,819; March 31, 2010 $ 164,850; June 30, 2010 $ 161,673; September 30, 2010 $ 140,967; and December 31, 2010 $ 89,337.

On December 19, 2013, the United States filed a Third-Party Complaint against Horne alleging that she is indebted to the United States in the amount of $2,926,809.51, plus statutory interest accruing from December 23, 2013. On May 29, 2013, the United States filed the instant Motion seeking summary judgment against Horne. Horne did not oppose the Motion and a hearing was held on June 24, 2014. This matter is now ripe.

## II.    LEGAL STANDARD

A motion for summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If there

is no genuine dispute as to any material fact, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted). However, if the court finds that there *is* a genuine issue of material fact, the motion must be denied. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2720 (3d ed. 2011).

A court must look to the specific facts pled to determine whether a triable issue exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1996). The moving party bears the burden of establishing the nonexistence of a triable issue of fact by "showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325 (internal quotation marks omitted). "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252.

A district court must "resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citations omitted). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates the other party should win as a matter of law." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006). Thus, if the nonmoving party's evidence is only colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 at 249–50.

### III.   ANALYSIS

"The Internal Revenue Code requires that employers withhold federal income taxes and social security taxes from their employees' wages." *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999) (citing 26 U.S.C. §§ 3102(a), 3402(a)). The employers hold these taxes as "special fund[s] in trust for the United States," 26 U.S.C. § 7501(a), and the withheld amounts are

3

commonly referred to as "trust fund taxes," *Slodov v. United States,* 436 U.S. 238, 243 (1978). "While an employer remains liable for its failure to remit trust fund taxes, the Internal Revenue Code also imposes *personal* liability, in an amount equal to an employer's deficient taxes, upon those officers or employees (1) responsible for collecting, accounting for, and remitting payroll taxes, and (2) who willfully fail to do so." *Plett,* 185 F.3d at 218 (citing 26 U.S.C. §§ 6671(b), 6672(a)); *see also O'Connor v. United States,* 956 F.2d 48, 50-51 (4th Cir. 1992). Under § 6672(a):

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Generally, § 6672 requires a "responsible person" to collect, account for, and remit payroll taxes to the United States." *See Slodov,* 436 U.S. at 246 n.7. A responsible person is not limited to one person and may include multiple people connected with the same employer. *O'Connor,* 956 F.2d at 50. Courts determine whether a person is a responsible person using a totality of the circumstances test. *Erwin v. United States,* 591 F.3d 313, 321 (4th Cir. 2010). The "crucial inquiry is whether the person had the 'effective power' to pay the taxes-that is, whether [she] had the actual authority or ability, in view of [her] status within the corporation, to pay the taxes owed." *Barnett v. IRS,* 988 F.2d 1449, 1454 & n.10 (5th Cir. 1993) (citations omitted). "Several factors serve as indicia of the requisite authority, including whether the employee (1) served as an officer of the company or as a member of its board of directors; (2) controlled the company's payroll; (3) determined which creditors to pay and when to pay them; (4) participated in the day-to-day management of the corporation; (5) possessed the power to write checks; and (6) had the ability to hire and fire employees." *Plett,* 185 F.3d at 219. "[T]he essential inquiry is whether a person has *significant,* but not necessarily exclusive, authority over corporate

4

finances or management decisions." *Erwin*, 591 F.3d at 321 (emphasis added). The proper inquiry focuses on substance rather than form. *Id.*

The second consideration under § 6672, is whether the responsible person willfully failed to collect, account for, or remit payroll taxes to the United States. *Id.* "Willfulness" is indicated by "knowledge of nonpayment or reckless disregard of whether the payments were being made." *Turpin v. United States,* 970 F.2d 1344, 1347 (4th Cir. 1992). Further, "[a] responsible person's intentional preference of other creditors over the United States establishes the element of willfulness under § 6672(a)." *Plett*, 185 F.3d at 219.

In the summary judgment context, Horne as the non-moving party, is entitled to have "the credibility of [her] evidence as forecast assumed, [her] version of all that is in dispute accepted, all internal conflicts in it resolved favorably to [her], the most favorable of possible alternative inferences from it drawn in [her] behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979). The Fourth Circuit has explained that a responsible person may possess both legal authority and/or actual authority. *Johnson v. United States*, 734 F.3d 352, 362-63 (4th Cir. 2013). In such instances where "a taxpayer claims . . . that he has only technical but not actual authority, the taxpayer retains the burden of showing 'that actual authority was in reality more limited than technical authority, and if the individual fails[] to show a genuine dispute of material fact on this issue, we may 'conclude that the documentary evidence of authority reflects the reality.'" *Lyon v. United States*, 68 F. App'x 461, 468 (4th Cir. 2003) (quoting *United States v. Landau*, 155 F.3d 93, 103 (2d Cir. 1998)). "[I]n the absence of disputed *material* facts, summary judgment represents a favored mechanism to secure the 'just, speedy, and inexpensive determination'" of taxpayer liability under § 6672. *Id.* at 223. Although the facts in a § 6672 analysis are critical, "extensive caselaw . . . narrowly constrains a factfinder's province in § 6672 cases," and for this reason "countless courts have found responsibility [for purposes of § 6672] as a matter of law." *Barnett*, 988 F.2d at 1454 & n.10.

## A. Responsible Person

Horne was a responsible person for the Company for each quarter of 2006 through 2010. First, Horne was the Company's Officer Manager throughout that time period. Second, Horne had substantial authority over payroll because she prepared and signed the Company's payroll checks. Third, because Horne was charged with preparing checks to creditors, she necessarily determined which creditors to pay. Fourth, Horne participated in day-to-day management of the Company, including making decisions about employee compensation, maintaining the Company's books and records, and preparing financial information to be presented at shareholder meetings. Fifth, at all relevant times, Horne had authority to, and did, sign checks drawn on the Company's bank account. Sixth, Horne participated in decisions regarding the hiring and firing of employees.

## B. Willful Action

From 2006 to 2010, Horne was aware of the Company's unpaid employment tax liabilities as they accrued. However, she continued to prepare and sign checks to pay other creditors in preference over the United States. Accordingly, the Court finds that Horne acted willfully in failing to pay over to the Service the taxes withheld from the wages of the Company's employees.

## IV.    CONCLUSION

For the aforementioned reasons, the Court will GRANT the Motion. Horne is, thus, liable to the United States in the amount of $2,926,809.51, plus statutory interest accruing from December 23, 2013.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Horne. An appropriate Order shall issue.

ENTERED this ___27___ day of June 2014.

/s/
James R. Spencer
Senior U. S. District Judge